THE CITIZENS NATIONAL BANK OF NETCONG, NEW JERSEY, A BANKING CORPORATION OF THE UNITED STATES OF AMERICA, PLAINTIFF, v. JOHN WILLS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided July 1, 1941.

For the plaintiff, *King & Vogt*.

For the defendant, *Milford Salny*.

LEYDEN, S. C. C.   Defendant moves to strike the complaint pursuant, as counsel for defendant says, to rule 56 of the Supreme Court, upon the ground that plaintiff is precluded from bringing the action by virtue of the provisions of *N. J. S. A.* 2:26-190 and 191, it having failed to set off the claim it now urges in a prior suit between the same parties. See *John Wills, Inc.,* v. *The Citizens National Bank of Netcong, New Jersey,* 125 *N. J. L.* 546; 16 *Atl. Rep.* (*2d*) 804.

The defendant conceives this motion to be in the nature of a plea in abatement. I do not agree. There is no attack upon the jurisdiction of the court, no showing of disability of the parties, or defects in the complaint or process. In my opinion the motion is addressed to a point of law which should be raised in the answer and be disposed of before, at or after the trial under rule 40 of the Supreme Court.

However, the law of this case has been decided adversely to the present contention of the defendant.

In the prior suit, defendant sued the bank for the balance on deposit, alleging the same to be $2,196.16. The bank denied the correctness of the amount and by way of set-off, alleged in two counts the indebtedness as endorser of the present defendant to the plaintiff bank on two discounted promissory notes aggregating $1,152.87 which were dishonored by non-payment on the due date, July 13th, 1939, and the defendant's account debited by said sum that day. The bank therefore did exactly what the defendant now claims it should have done in order to protect itself from the effect of *N. J. S. A.* 2:26-191. Unfortunately the bank erred in the mechanics of the transaction. It debited the defendant's account before the notices of the non-payment and dishonor of the notes addressed to defendant were deposited in the post office. In this situation the Court of Errors and Appeals determined that until the notices of dishonor were deposited in the mail, the defendant endorser was not liable on the notes, for there was no debt due from defendant to the bank and therefore no set-off, and the bank could not debit the account or set off the notes at the time it attempted so to do. The court thereupon directed a judgment final be entered in favor of Wills, Inc., in the amount of the attempted set-off, viz., $1,152.87, the balance of the deposit having been returned to Wills, Inc., prior to the trial. This judgment has been paid and satisfied.

The present suit was instituted by the bank in its endeavor to collect the amount due on the notes from Wills, Inc. The complaint, in two counts, alleges the discounting of the notes on which defendant was endorser for its use and benefit and the crediting of the amounts thereof to its account; the presentment for payment; the failure to pay; the protest and dishonor, and due notice thereof given to defendant. The complaint sets forth a good cause of action.

Under these circumstances the provisions of *N. J. S. A.* 2:26-191 do not operate to preclude the bank from pursuing its alleged right to collect the money owing to it by the defendant.

The motion is denied, with costs.